**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY as subrogee of MARK AND SHERI HARRISON<br><br>Plaintiff,<br>vs.<br><br>LOWE'S COMPANIES, INC.<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 20-cv-300 |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Allstate Indemnity Company as subrogee of Mark and Sheri Harrison, by and through its attorneys, White and Williams LLP, hereby demands judgment against Defendant, Lowe's Companies, Inc., and avers as follows:

**PARTIES**

1. Plaintiff, Allstate Indemnity Company ("Plaintiff" or "Allstate"), is an Illinois company with a principal place of business located at 2775 Sanders Road, Northbrook, Illinois 60062 and, at all times relevant hereto, was authorized to issue policies of insurance in the State of New York.

2. At all times relevant hereto, Allstate's subrogors, Mark and Sheri Harrison ("the Harrisons"), owned the real and personal property located at 14 Gentry Bend, Poughkeepsie, NY 12603 ("the loss location").

3. At all times relevant hereto, Allstate provided insurance coverage to the Harrisons for the property at the loss location, pursuant to Policy No. 933 787 577.

4. Defendant, Lowe's Companies, Inc. (hereinafter "Lowe's"), is a North Carolina corporation with a principal place of business located at 1000 Lowe's Boulevard, Mooresville,

North Carolina 28117 and, at all times relevant hereto, was engaged in the business of, *inter alia*, marketing and/or selling dehumidifiers.

## JURISDICTION & VENUE

5. Pursuant to 28 U.S.C. § 1332, jurisdiction is vested with the United States District Court of the Southern District of New York because there is diversity of citizenship between all parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. §1391, venue is proper in the Southern District of New York because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and/or a substantial part of the property that is the subject of this action is situated in this judicial district.

## STATEMENT OF FACTS

7. On or about November 1, 2018, a fire occurred at the loss location ("the fire").

8. The fire originated at a dehumidifier in the basement of the loss location ("the dehumidifier").

9. The fire occurred because the dehumidifier was defective.

10. The dehumidifier was marketed and/or sold by Lowe's.

11. **Exhibit A** is the invoice for the dehumidifier, which was purchased by the Harrisons' contractor, Covas Construction, from Lowe's on or about July 27, 2015.

12. As a result of the fire, the Harrisons sustained property damages and incurred other expenses.

13. Pursuant to its policy of insurance with the Harrisons, Allstate indemnified its insureds in the amount of $296,874.37 for property damages and other expenses sustained as a result of the fire.

-3-

14. By virtue of the aforementioned indemnity payments and pursuant to the terms of the Harrisons' insurance policy and common law principles of equitable subrogation, Allstate is subrogated to the extent of all payments made to or on behalf of its insureds for the fire.

## COUNT ONE – STRICT LIABILITY

15. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as if fully set forth at length herein.

16. Lowe's marketed and/or sold the dehumidifier in an unreasonably dangerous and/or defective condition.

17. The Harrisons were the ultimate users of the dehumidifier and a member of the class whom Lowe's should have expected to use the dehumidifier.

18. The dehumidifier was expected to, and did, reach its users/consumers, the Harrisons, without a substantial change in the condition in which it was marketed and/or sold by Lowe's.

19. The fire was caused by the acts and/or omissions of Lowe's, its agents, employees, servants, representatives and/or workers, acting in the course and scope of their employment, through which Lowe's is strictly liable by reasoning of the following:

    (a) marketing and/or selling a defective dehumidifier;

    (b) marketing and/or selling a dehumidifier that posed a risk of fire;

    (c) marketing and/or selling a product that was unsafe for its intended use;

    (d) failing to market and/or sell a dehumidifier with proper and/or appropriate safety devices to prevent fire;

    (e) failing to properly inspect and/or test the dehumidifier to discover it was unreasonably dangerous and/or defective;

    (f) failing to discover a defect in the dehumidifier;

    (g) marketing and/or selling a product that was not reasonably fit, suitable or safe for its intended purpose; and/or

    (h) failing to remove the dehumidifier from the marketplace when Lowe's knew or should have known that it was unreasonably dangerous and/or defective.

20. As a direct and proximate result of the aforementioned acts and/or omissions by Lowe's, the Harrisons sustained damaged to their property and incurred other expenses, for which Allstate made payments to/on behalf of its insureds in the amount of $296,874.37.

**WHEREFORE**, Plaintiff, Allstate Indemnity Company as subrogee of Mark and Sheri Harrison, demands judgment against Defendant Lowe's Companies, Inc. for damages in the amount of $296,874.37, together with interest, delay damages, costs of suit, and any other relief as this Court may deem just and proper.

## COUNT II - BREACH OF IMPLIED WARRANTIES

21. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as if fully set forth at length herein.

22. Lowe's knew or should have known that the dehumidifier would be used by consumers, such as the Harrisons.

23. The Harrisons had a right to rely upon, and in fact did rely upon, the superior skill and judgment of Lowe's in marketing and/or selling dehumidifiers.

24. Pursuant to NY CLS UCC § 2-314, Lowe's impliedly warranted that the dehumidifier was merchantable.

25. Pursuant to NY CLS UCC § 2-315, Lowe's impliedly warranted that the dehumidifier was fit for its particular purpose.

26. Lowe's, by and through it agents, employees, servants, representatives and/or workers, acting in the course and scope of their employment, breached its (i.) implied warranty of

-5-

merchantability and/or (ii.) implied warranty of fitness for a particular purpose to the Harrisons through one or more of the following acts and/or omissions:

    (a) marketing and/or selling a defective dehumidifier;

    (b) marketing and/or selling a dehumidifier that posed a risk of fire;

    (c) marketing and/or selling a product that was unsafe for its intended use;

    (d) failing to market and/or sell a dehumidifier with proper and/or appropriate safety devices to prevent fire;

    (e) failing to properly inspect and/or test the dehumidifier to discover it was unreasonably dangerous and/or defective;

    (f) failing to discover a defect in the dehumidifier;

    (g) marketing and/or selling a product that was not reasonably fit, suitable or safe for its intended purpose; and/or

    (h) failing to remove the dehumidifier from the marketplace when Lowe's knew or should have known that it was unreasonably dangerous and/or defective.

27. As a direct and proximate result of the above-referenced breach of warranty(ies) by Lowe's, the Harrisons sustained damaged to their property and incurred other expenses, for which Allstate made payments to/on behalf of its insureds in the amount of $296,874.37.

**WHEREFORE**, Plaintiff, Allstate Indemnity Company as subrogee of Mark and Sheri Harrison, demands judgment against Defendant Lowe's Companies, Inc. for damages in the amount of $296,874.37, together with interest, delay damages, costs of suit, and any other relief as this Court may deem just and proper.

## **COUNT III – NEGLIGENCE**

28. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as if fully set forth at length herein.

29. Lowe's owed a duty to the Harrisons to exercise reasonable care in marketing and/or selling the dehumidifier to ensure that it was safe for reasonable foreseeable use.

30. Lowe's, by and through its agents, employees, servants, representatives and/or workers, acting in the course and scope of their employment, breached its duty of care to the Harrisons through one or more of the following acts and/or omissions:

   (a) marketing and/or selling a defective dehumidifier;

   (b) marketing and/or selling a dehumidifier that posed a risk of fire;

   (c) marketing and/or selling a product that was unsafe for its intended use;

   (d) failing to market and/or sell a dehumidifier with proper and/or appropriate safety devices to prevent fire;

   (e) failing to properly inspect and/or test the dehumidifier to discover it was unreasonably dangerous and/or defective;

   (f) failing to discover a defect in the dehumidifier;

   (g) marketing and/or selling a product that was not reasonably fit, suitable or safe for its intended purpose; and/or

   (h) failing to remove the dehumidifier from the marketplace when Lowe's knew or should have known that it was unreasonably dangerous and/or defective.

31. As a direct and proximate result of the above-referenced breach of duty(ies) by Lowe's, the Harrisons sustained damaged to their property and incurred other expenses, for which Allstate made payments to/on behalf of its insureds in the amount of $296,874.37.

**WHEREFORE**, Plaintiff, Allstate Indemnity Company as subrogee of Mark and Sheri Harrison, demands judgment against Defendant Lowe's Companies, Inc. for damages in the amount of $296,874.37, together with interest, delay damages, costs of suit, and any other relief as this Court may deem just and proper.

-7-

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 13, 2020	Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____
Rafael Vergara, Esq.
WHITE AND WILLIAMS LLP
7 Times Square, Suite 2900
New York, NY 10036
P: (212) 631-4416
F: (212) 631-4436
vergarar@whiteandwilliams.com
*Attorneys for Plaintiff*